# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Tiffany N. Provence, Esq. as Special Administrator of the Estate of DTT-S, ) ) ) Petitioner, ) ) v. ) ) Continental Tire the Americas, LLC; ) COSSI Holdings, LLC d/b/a SpeeDee Oil ) Change and Auto Service and SpeeDee ) Worldwide Corporation d/b/a SpeeDee Oil ) Change and Auto Service, ) ) Defendants. ) _____ ) | CIVIL ACTION NO.: 5:15-cv-02829-JMC  **ORDER APPROVING SETTLEMENT** |

**THIS MATTER** comes before the court on the verified Petition of Tiffany N. Provence, as Special Administrator of the Estate of DTT-S, seeking approval by this court of a proposed confidential settlement agreement between Petitioner and Defendant Continental Tire the Americas, LLC (hereinafter "CTA"). Based on the record and the testimony presented, I make the following findings.

1. On or about July 19, 2012, in Calhoun County, South Carolina, the Decedent, DTT-S, was involved in an accident while traveling as a passenger in a 1998 Ford Explorer ("Subject Vehicle") operated by Sharhonda Tervell Turnipseed. Petitioner alleged the left rear tire ("Subject Tire") experienced a tread separation, thereby causing the accident. DTT-S, a minor age one (1) month, received injuries in this accident and ultimately died from those injuries.

2. Tiffany N. Provence alleged that the Subject Tire was defective and that the tire failure was a cause of the said accident. The underlying Complaint alleges claims against CTA sounding in negligence, strict liability, and breach of warranty.

3. Defendant CTA admits that it manufactured the Subject Tire. However, CTA denies that the death of DTT-S was the result of any negligence or recklessness on its part. CTA specifically denies that the Subject Tire was defective and denies liability. CTA, nevertheless, in the interest of compromise, has offered to pay a confidential settlement amount presented to the court to Tiffany N. Provence as Special Administrator of the Estate of DTT-S, in settlement of any and all claims brought by Tiffany N. Provence, as Special Administrator of the Estate of DTT-S, including any claims that were brought under South Carolina Wrongful Death and Survival Statutes. The full and final settlement amount to be paid to Tiffany N. Provence, as Special Administrator of the Estate of DTT-S, and the heirs and statutory Wrongful Death beneficiaries by and through the Special Administrator, Tiffany N. Provence, is a settlement of all claims against Defendant CTA.

4. Defendant CTA is self-insured in an amount in excess of the settlement reached in this case.

5. I find that the settlement funds to be paid by Defendant CTA shall be allocated in full to the wrongful death cause of action.

6. I find that Petitioner fully understands that the payments are made to effect a full and final settlement and disposition of any and all claims of Tiffany N. Provence, as Special Administrator of the Estate of DTT-S, and of the heirs and statutory beneficiaries of DTT-S arising, occurring against the Defendant CTA, its affiliates, entities, divisions, their respective heirs, agents, apparent agents, servants, shareholders, employees, former employees, officers, board members, and their heirs, predecessors, successors and assigns and all other

persons, firms, entities, and insurers, as a result of the injuries and/or death referenced above.

7.     It appears that Petitioner and Petitioner's attorneys have fully investigated the matter, and that, after giving careful consideration to all aspects of the situation, have concluded that the settlement is fair and advantageous from the standpoint of Tiffany N. Provence, as Special Administrator of the Estate of DTT-S, and the heirs at law, and the statutory beneficiaries, and have asked this court to approve the same.

8.     Petitioner is represented by Ronnie L. Crosby, Randolph Murdaugh, IV, R. Alexander Murdaugh and Austin H. Crosby of Peters, Murdaugh, Parker, Eltzroth and Detrick, PA in Hampton, South Carolina and Beth E. Bernstein of Bernstein & Bernstein, LLC in Columbia, SC. Defendant CTA is represented by attorneys from Womble, Carlyle, Sandridge & Rice, LLC and Clyde & Co. US, LLP.

9.     Counsel for Petitioner have rendered services for the Estate which include: deposing numerous fact witnesses including investigating officers, occupants of the subject vehicle, and eye witnesses; hiring an accident reconstruction expert, a forensic tire expert with experience in manufacturing and design of tires, and an economist to evaluate the economic loss suffered by the statutory beneficiary. In addition, counsel for the Estate have conducted extensive written discovery.

10.    In consideration of the above-mentioned legal services performed in this case, counsel for Petitioner is seeking approval of both legal fees totaling 40% of the confidential settlement amount, and costs. I find these amounts to be fair and reasonable.

11.    This action was prosecuted along with seven other cases that arose from the same accident. In the interest of judicial economy, all of the cases were consolidated for discovery purposes. The costs associated with bringing the action was prorated among the different cases. The costs assigned to this individual case are Four Thousand, Three Hundred

Sixty-Nine and 01/100 ($4,369.01) Dollars. I find this amount to be fair and reasonable.

12. I find that DTT-S died intestate and the statutory beneficiaries of the Estate shall be determined by the Probate Court of Richland County (South Carolina). I find that there are no outstanding creditors of record.

13. The parties have provided to the court a Confidential Release, Waiver and Indemnity Agreement on which they have agreed. The court finds the terms of that agreement are fair, reasonable, acceptable, appropriate and in the best interests of the Estate of DTT-S.

14. Upon observing and interviewing the parties and their attorneys, I have concluded that the settlement proposed is fair and just and in the best interest of Tiffany N. Provence, as Personal Representative of the Estate of DTT-S, and to the statutory wrongful death beneficiaries of DTT-S, by and through his Special Administrator, Tiffany N. Provence and that the same should be approved.

**IT IS, THEREFORE, ORDERED** that Petitioner be, and hereby is, empowered and directed to execute and deliver to CTA or its counsel the Confidential Release Waiver and Indemnity Agreement.

**IT IS FURTHER ORDERED** that the confidential settlement amount presented to the court to be received by Petitioner in full and final settlement of any and all claims of the heirs and beneficiaries of said deceased and attorney's fees and costs are to be paid as set forth above and paid to Tiffany N. Provence as Special Administrator of the Estate of DTT-S.

**IT IS FURTHER ORDERED** that the net settlement proceeds allocated to the Estate of DTT-S shall remain in Petitioner's Counsel's Client Trust Account until the Decedent's statutory beneficiaries are determined by the Probate Court for Richland County (South Carolina), and an order reflecting same is entered.

**FURTHER, IT IS ORDERED** all claims asserted or which could have been asserted in

the Complaint in this matter shall be forever ended with prejudice against Defendant CTA, its affiliates, divisions, shareholders, and their respective heirs, agents, apparent agents, servants, employees, former employees, insurers, officers, board members, and their heirs, successors and assigns.

**IT IS FURTHER ORDERED** that Petitioner's request for the approval of attorney's fees presented to the court and legal expenses as listed above is hereby approved as fair and reasonable.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

November 17, 2016
Columbia, South Carolina